Vincent Gurahian, J.
The within petition, dated and .verified April 2, 1971 seeks an order directing payment of the subject child’s tuition at the Adams School, an approved private special educational facility in New York City. Said petition is brought pursuant to section 232 of the Family Court Act and section 4403 of the Education Law which allow for the special educational training of a “physically handicapped” child.
On July 8, 1971 a full hearing on the merits was held before the Honorable Evans V. Brewster, after which a decision was reserved. In the interim a decision by the Appellate Division (Matter of Leitner, 38 A D 2d 554) called for service upon, certain governmental entities in cases of this nature. Since such parties had been excluded in the instant matter, no decision was made and a rehearing on notice to all proper parties was ordered.
On the date set for the new hearing, all interested parties who appeared entered into the following stipulations:
(a) All sides rest on the transcript of testimony taken before Judge Brewster on July 8, 1971.
(b) Michael Kirkpatrick is a physically handicapped child as contemplated in the Family Court Act and the Education Law, and as such does require special educational training.
(c) The Adams School is an appropriate facility for the special education required by Michael Kirkpatrick.
(d) The tuition at the Adams School is reasonable, and
(e) the only issue remaining before the court is whether the Board of Cooperative Educational Services (BOCES) in Westchester County has a program suitable to the needs of Michael Kirkpatrick. (The focus of respondent’s case being that if BOCES, a special arm of the Westchester public school system, has such a program, the petition for tuition at a private facility should be denied.) With respect to this issue it was further stipulated that if a representative of BOCES were *648 to presently testify regarding its ability to adequately provide for Michael Kirkpatrick’s education, such testimony would be essentially the same as that given in July, 1971, without conceding the truth thereof.
Pertinent testimony adduced at the hearing is as follows :
Michael Kirkpatrick is an adolescent suffering from the learning disabilities of dislexia and disagraphia, the former being an inability to read and the latter an inability to write. The specific origin of these problems is unknown but is apparently congenital in nature.
Stemming directly from Michael’s learning disorders are emotional problems and an antiauthoritarian attitude manifesting themselves in drug use and other delinquencies. An effective education would require personnel able to tolerate and understand these emotional difficulties as well as a program to overcome the learning impairment.
An application was made for admission of Michael to BOOBS by the Dobbs Ferry School System. While BOOBS does have a program for learning disabilities of Michael’s type and classes for emotionally disturbed youngsters, Michael’s age and behavioral pattern were determining factors in BOOBS’ decision.
Most emotionally disturbed children at BOOBS arrive at an early age and are treated gradually over an extended period of time,,.. Little if any success has been had with the emotionally disturbed who are placed at BOOBS during adolescence.
Success with emotionally disturbed adolescents has proved particularly difficult where serious behavioral problems are also involved. Michael’s history has been one of disruptive antisocial behavior. Thus the combination of Michael’s age and past conduct led BOOBS to the conclusion that he could not adjust to their type of learning environment and his application was rejected.
Oonsidering the stipulations made between the parties hereto and the transcript of testimony, the petition must be sustained.
BOOBS’ conclusion that its programs are inadequate for Michael as an individual involves administrative decisions which are based on specialized training and. knowledge. In each case the best evidence of BOOBS’ adequacy is the administrator’s good faith determination to accept or reject an individual. Nothing has been shown to the court to suggest that BOOBS’ decisions in the instant case were either incorrect or arbitrary.
*649 Accordingly, the court finds the subject child to be physically handicapped and entitled to special educational training at the Adams School in New York City, and an order therefor shall issue.